WILLIAM R. RICHARDSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Richardson v. Commissioner
Docket No. 2674-93
United States Tax Court
T.C. Memo 1995-302; 1995 Tax Ct. Memo LEXIS 306; 70 T.C.M. (CCH) 14; July 12, 1995, Filed *306 Decision will be entered for respondent. William R. Richardson, pro se. For Respondent: Gregory Arnold. SWIFT
SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6662(b)(1)
1988
$ 2,351
$ 588
$ 118
$ --
1989
8,656
2,164
--
1,731
1990
5,011
--
--
1,002
The issues for decision are: (1) The deductibility of contributions petitioner purportedly made to his church; (2) the deductibility of purported business expenses and losses; and (3) petitioner's liability for the additions to tax. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time he filed his petition, petitioner resided in Bakersfield, California. From 1973 until 1982, petitioner was engaged in the business of preparing income tax returns. Petitioner advised clients that they could *307 nominally contribute half of their income to petitioner's chapter of the Universal Life Church and that they could deduct the purported charitable contributions on their Federal income tax returns. For this advice, petitioner's clients would pay petitioner one-half of the related tax savings reflected on the clients' tax returns. In 1983, petitioner was tried and convicted for preparing for his clients false Federal income tax returns. As a result of his conviction, petitioner was incarcerated for 4 years, and petitioner was fined approximately $ 12,500. Following his incarceration and during 1988, 1989, and 1990, petitioner worked as a welder for various construction contractors in California and Texas. In early 1991, petitioner untimely filed his individual Federal income tax returns for 1988 and 1989, and petitioner timely filed his individual Federal income tax return for 1990. On his 1988, 1989, and 1990 Federal income tax returns, petitioner reported wages, and he claimed deductions for charitable contributions to a church, business expenses relating to his work as a welder, and business losses. Petitioner, therefore, reported no taxable income, as follows: Charitable
Welding Business
Taxable Year
Wages Contributions
Expenses
Losses
Income
1988
$ 19,749
$ 10,317
$ 8,896 $ --    -0-
1989
43,316
15,517
14,690
13,605
-0-
1990
28,852
10,869
10,825
10,480
-0-
*308 The claimed charitable contributions relate to amounts petitioner purportedly contributed to himself as a church. The claimed business expenses relate to commuting costs for petitioner's travel from his residence to job sites where he worked as a welder. The claimed business losses relate to a business petitioner purportedly owned and operated called "Cost Reduction Systems". This business allegedly helped people reduce their costs of food, shelter, and transportation. During the years in issue, petitioner did not have taxes withheld from his wages, and petitioner did not pay any Federal income or self-employment taxes. In December of 1992, petitioner filed amended Federal income tax returns for 1988, 1989, and 1990. On each of the amended returns, petitioner reported that he earned no income and that he did not owe any Federal income tax. Petitioner's basis for claiming on the amended returns that he earned no income and that he did not owe any Federal income tax was that he, personally, qualified as a church and that he therefore was exempt from all income and employment taxes. On audit, respondent determined that petitioner was not exempt from Federal income taxes, and respondent *309 disallowed the above claimed deductions and losses. Respondent also determined that petitioner realized taxable income of $ 15,684, $ 39,540, and $ 26,918 for 1988, 1989, and 1990, respectively. OPINION As a general rule, deductions are allowed for contributions made to a church that qualifies as a religious entity organized and operated exclusively for religious purposes and none of the net earnings of which inure to the benefit of a private individual or shareholder. Sec. 170(a), (c); ; , affd. without published opinion . Although section 170 does not define the requirements that must be satisfied in order to qualify as a church, it is evident that a church cannot, for Federal income tax purposes, consist of just one individual. See , affg. . For tax purposes, a church consists of a group of people gathering together as part *310 of an organized entity. See ; ; ; . [1] Thus, a mere declaration by an individual taxpayer that he or she personally constitutes a church is insufficient. A taxpayer must demonstrate that a formally organized entity exists and that it exists exclusively for religious purposes without any of its net earnings inuring to the private benefit of the individual taxpayer. Sec. 170(c). Otherwise, every individual taxpayer in the United States might declare himself to be a church in an attempt to avoid paying Federal income tax. See . *311 Petitioner argues summarily that because he believes in the Bible he qualifies as a church. Petitioner did not present any credible evidence with regard to the organization and operation of his alleged church. Petitioner acknowledged at trial that he did not have any literature regarding his church, that he did not have a formal organization that was registered with California or the County of Los Angeles, and that he did not have regular worship services. We conclude that for Federal income tax purposes petitioner does not qualify as a church. Petitioner's income is not exempt from Federal income tax, and petitioner's alleged charitable contributions are disallowed. Petitioner argues that his wages were earned by him as an agent for his church and should not be taxable to him. The courts have held, however, that without a principal-agent relationship between the church and a taxpayer, a taxpayer cannot assign income to a church and avoid paying Federal income taxes thereon. , affg. ; , *312 affg. ; , affd. without published opinion . Petitioner did not present any credible evidence at trial with regard to his claim that he earned his income as agent for a legitimate church. Petitioner did not present any credible evidence regarding the claimed business expenses and the claimed business losses. We sustain respondent's disallowance of the claimed business expenses and losses. Rule 142; . For 1988, the addition to tax for negligence is equal to 5 percent of the underpayment of taxes. Sec. 6653(a)(1). For 1989 and 1990, the addition to tax for negligence is equal to 20 percent of the underpayment that is attributable to negligence. Sec. 6662(a) and (b)(1). For purposes of section 6653(a) and section 6662, negligence is the failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Secs. 6653(a)(3), 6662(c). Petitioner has the burden of proof to establish that he made *313 a reasonable attempt to file accurate Federal income tax returns and that he was not negligent. Rule 142(a). Petitioner did not make any argument, nor did he present any evidence, establishing that he made a reasonable attempt to file accurate Federal income tax returns. We sustain respondent's determination of the negligence additions to tax. Petitioner did not make an argument nor did he present any evidence establishing reasonable cause for not timely filing his Federal income tax returns for 1988 and 1989. We sustain respondent's determination with regard to the section 6651(a) additions to tax. Decision will be entered for respondent. Footnotes
1. Some courts have described one or more of the following as general characteristics of a church: (1) A distinct legal existence; (2) a recognized creed and form of worship; (3) a definite and distinct ecclesiastical organization; (4) a formal code of doctrine and discipline; (5) a distinct religious history; (6) a membership not associated with other churches or denominations; (7) an organization of ordained ministers; (8) religious literature; (9) established places of worship; (10) regular congregations; (11) regular religious services; (12) schools for religious instruction; and (13) schools for preparation of ministers. , affg. ; ; ; .↩